DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CENTRAL MORTGAGE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2014-0096 |
| ) | |
| **MICHAEL CHRISTOPHER POWERS** ) | |
| a/k/a **MICHAEL C. POWERS,** ) | |
| **CHRISTIE A. POWERS** ) | |
| a/k/a **CHRISTIE POWERS,** and ) | |
| **U.S. SMALL BUSINESS** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**

**Matthew R. Reinhardt, Esq.**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For Defendant U.S. Small Business Administration*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Plaintiff Central Mortgage Company's ("Plaintiff" or "Central Mortgage") "Motion for Order Confirming Sale" (Dkt. No. 46) and "Motion to Vacate Marshal's Sale and Withdraw Motion for Order Confirming Sale" ("Motion to Vacate") (Dkt. No. 50). For the reasons discussed below, the Court will grant Plaintiff's Motion to Vacate and withdraw Plaintiff's Motion for Order Confirming Sale. The Court will also order a future Marshal's Sale of Plot Nos. 54 and 55 in accordance with the Court's March 30, 2017 Judgment. Finally, the Court will preclude Plaintiff and the United States Marshals Service from

seeking or recovering from Defendant Michael Christopher Powers or Defendant Christie Powers any attorneys' fees, costs, and expenses associated with the flawed Marshal's Sale.

## I.     BACKGROUND

On November 1, 2014, Plaintiff filed a Complaint against Defendants Michael Christopher Powers a/k/a Michael C. Powers and Christie A. Powers a/k/a Christie Powers (collectively, "the Powers"); the U.S. Small Business Administration ("SBA"); Unknown Tenant in Possession 1; and Unknown Tenant in Possession 2 ("Unknown Tenants")[1] for debt and foreclosure of a mortgage on real property. (Dkt. No. 1).

Thereafter, Plaintiff moved to file a First Amended Complaint ("Amended Complaint") to add a new count to reform the Mortgage. (Dkt. No. 24). In its Motion, Plaintiff stated that the amendment was "necessary to reform the Mortgage at issue in this action based on mutual mistake of the parties." *Id.* at 1. Plaintiff stated that the Mortgage failed to identify a second parcel, which was intended to be included in the Mortgage assigned to Plaintiff. *Id.* Plaintiff further explained that when the Powers executed the Mortgage, they had title to both Plot No. 54 of Estate Hermon Hill ("Plot No. 54") and Plot No. 55 of Estate Hermon Hill ("Plot No. 55"). However, the legal description of the property in the Mortgage only included Plot. No. 55. *Id.* at 2. Plaintiff asserted that despite the mutual mistake of the parties, the parties intended the Mortgage to encumber both Plot. Nos. 54 and 55. *Id.* at 3. The Court granted the motion to amend (Dkt. No. 26), and Plaintiff filed its Amended Complaint on September 11, 2015 (Dkt. No. 27).

Plaintiff subsequently filed a Motion for Default and Summary Judgment, seeking default judgment against the Powers and summary judgment against the SBA. (Dkt. No. 32). In its

---

[1] Central Mortgage voluntarily dismissed the Unknown Defendants on January 6, 2015 pursuant to Fed. R. Civ. P. 41(a)(1)(A). (Dkt. No. 13). It also dismissed the same parties—who had been mistakenly included—from the First Amended Complaint on December 16, 2015. (Dkt. No. 31).

Memorandum of Law, Plaintiff made various arguments asserting that it was entitled to reformation of the Mortgage. *Id.* at 11-15. In support of its reformation arguments, Plaintiff also submitted various loan documents surrounding the 2010 Mortgage. (Dkt. Nos. 32-11; 32-12; 32-13; 32-14;3 2-15; 32-16; 32-17). Based on the arguments and evidence presented, the Court found by clear and convincing evidence that the Mortgage encumbered both Plot Nos. 54 and 55 and should be reformed to include Plot No. 54 in the legal description of the Property. (Dkt. No. 36 at 13-18). Accordingly, by Order entered on March 30, 2017, the Court entered default judgment against the Powers and found that Plaintiff had a first priority lien on the property described as

> Plot No. 54 (1.0273 US acres) and Plot No. 55 (0.7797 US acres) both of Estate Hermon Hill, Company Quarter, St. Croix, US Virgin Islands, as more fully shown on OLG Drawing No. 4956-A dated October 26, 1994.

("Property") (Dkt. No. 37). Further, in the Judgment, the Court ordered that, prior to the sale of the Property, "the [newspaper] notice shall describe the Property as set forth [in the Judgment]," *i.e.* Plot Nos. 54 and 55. *Id.* at 5. The Judgment also directed that "[t]he Property shall be seized and sold at public sale." *Id.*

After entry of Judgment, a Writ of Execution was issued on December 7, 2020, again identifying Plot Nos. 54 and 55 as the Property to be sold for satisfaction of the Judgment. (Dkt. No. 43). However, in the newspaper notices of the Marshal's Sale, only Plot No. 55 was advertised, and at the subsequent May 2, 2024 Marshal's Sale only Plot No. 55 was sold. (Dkt. No. 46-1 at 2-6).

On June 17, 2024, Plaintiff filed a "Motion for Order Confirming Sale," in which it sought to confirm the May 2, 2024 Marshal's Sale of Plot No. 55 Estate Hermon Hill only. (Dkt. No. 46). In a footnote, Plaintiff stated that it had informed its counsel that, based upon a review of the loan origination documents, only Plot No. 55 was intended to be encumbered by the Mortgage. *Id.* at 2

3

n.1. Plaintiff further advised that it would seek a partial release of the Judgment as to Plot No. 54—the Plot that was included in the Judgment but at Plaintiff's behest was not sold at the Marshal's Sale. *Id.*

With the discrepancy between what was ordered by the Court and what was described in Plaintiff's Motion for Order Confirming Sale, and in the absence of the promised request for a partial release of the Judgment as to Plot No. 54, the Court ordered Plaintiff to file a motion to amend judgment, setting forth the factual and legal bases for why the Court's Judgment should be amended to remove Plot No. 54, along with supporting documentation. (Dkt. No. 47).[2] The Court also ordered that Plaintiff's motion address why Plaintiff failed to timely apprise the Court of the property description issue that Plaintiff had purportedly discovered, in light of the fact that Plaintiff claimed to have identified this issue as early as March 2024, but still proceeded with the May 2, 2024 Marshal's Sale without notifying the Court. *Id.* at 3.

In response to the Court's Order, Plaintiff filed a Motion to Vacate. In that Motion, Plaintiff changed gears once again—stating, *inter alia*, that upon further investigation, Plaintiff had concluded that the Mortgage was, in fact, intended to encumber *both* Plot Nos. 54 and 55. (Dkt. No. 50 at 2). In support of its conclusion, Plaintiff attached documents that were previously submitted—including a Uniform Appraisal Report and HUD Settlement Statement—in support of reformation to demonstrate that the Mortgage encumbered both plots. (Dkt. Nos. 50-1, 50-2, 50-3, 50-4, 50-5). Plaintiff requested that the Court accept the supporting exhibits attached to the Motion; vacate the May 2, 2024 Marshal's Sale as to Plot No. 55; withdraw Plaintiff's Motion for

---

[2] The Court found Plaintiff's "about-face" on this issue particularly perplexing especially in light of the evidence and argument initially presented by Plaintiff, which resulted in the Court's Order reforming the mortgage to include Plot No. 54 as part of the legal description of the Property.

4

Order Confirming Sale; and permit Plaintiff to re-notice the sale as to both Plot Nos. 54 and 55 of Estate Hermon Hill. (Dkt No. 50 at 4).

On December 5, 2024, the Court held a hearing regarding the Motion to Confirm Sale and the Motion to Vacate. (Dkt. No. 52). In attendance at the Hearing were: counsel for Plaintiff, Matthew R. Reinhardt, Esq.; Vice President at Central Mortgage, Andrew Gordon, Esq. ("Gordon"); and Program Support Specialist for the United States Marshals Service ("USMS"), Stephanie Browne ("Browne"). During the Hearing, the Court inquired as to the factual background regarding the sale of only Plot No. 55 rather than both plots. In response, Attorney Reinhardt stated that Plot No. 55 was the only plot placed in the Notice for Sale because, at that time, Plaintiff had concluded that the Mortgage was not intended to encumber Plot No. 55. Upon further inquiry from the Court, Attorney Reinhardt conceded that, in light of the Court's prior reformation ruling, Plaintiff should have notified the Court regarding Plaintiff's subsequent uncertainty as to whether Plot No. 54 should have been encumbered by the Mortgage prior to undertaking the process of the Marshal's Sale. Further, Gordon testified that there was a lack of institutional knowledge in Plaintiff's realm regarding the reformation issue due to the length of time that had passed between the entry of Judgment in 2017 and Plaintiff's execution of the Judgment in 2019. Nonetheless, Gordon agreed that, after reviewing the issue, the Property's description had been correctly reformed by the Court.

## II. DISCUSSION

Because the Court finds that the May 2, 2024 Marshal's Sale was not held in accordance with the Court's Judgment, and in light of Plaintiff's concession that the Court's Judgment was indeed correct, the Court will grant Plaintiff's Motion to Vacate and withdraw Plaintiff's Motion for Order Confirming Sale. Plaintiff first raised the reformation issue via a Motion to Amend the

5

Complaint (Dkt. No. 24) to add a reformation count, and ultimately asked the Court to grant such relief in seeking default judgment against the Powers (Dkt. No. 32). The Court determined that, based on clear and convincing evidence provided by Plaintiff, the legal description of the Property should be reformed to include *both* Plot Nos. 54 and 55. (Dkt. No. 36 at 13-18). Therefore, the issue of reformation was a central component of the Court's grant of judgment in favor of Plaintiff. Accordingly, Plot Nos. 54 and 55 should have been sold at the May 2, 2024 Sale.

Further, the Court finds that Plaintiff bears responsibility for the cascade of inefficiency, as time and effort have been expended on a foreclosure sale that did not accord with the Court's Judgment, and that now has to be re-done consistent with the Court's ruling. The inefficiency and waste of judicial resources was also manifested in the additional briefing that had to be submitted by Plaintiff and addressed by the Court to correct Plaintiff's misguided actions. Plaintiff had ample opportunity to inform the Court of any perceived problems with the reformation issue. Attorney Reinhardt—a senior attorney who routinely handles foreclosure matters and has been on this case since as early as December 2019[3]—was responsible for ensuring compliance with the Court's March 30, 2017 Judgment. Despite the uncertainty by Plaintiff's internal team regarding the reformation issue, a Judgment had already been entered by this Court directing the sale of both plots. If an error in Plaintiff's filing on the issue of reformation and the Court's reliance thereon was deemed by Plaintiff to have occurred, a motion for appropriate relief would have been in order. However, Plaintiff, through counsel, lacked the authority to engage in "self-help" by unilaterally proceeding with the sale of only one plot based on its post-Judgment—and obviously erroneous—determination that the Mortgage encumbered only that plot.

---

[3] Attorney Reinhardt's first filing in this case was a "Notice of Withdrawal of Application for Attorney's Fees and Costs" in December 2019. (Dkt. No. 41).

6

The United States Marshals Service also bears responsibility for the invalid foreclosure sale. The Writ of Execution from the Court—which Browne testified is relied upon by USMS to begin coordinating the Marshal's Sale—expressly directed the U.S. Marshal, consistent with the Judgment, to sell both Plot No. 54 and Plot No. 55. (Dkt. No. 43 at 2). Nonetheless, at the behest of Plaintiff's counsel, USMS ultimately facilitated a sale that was inconsistent with the Court's Judgment. Moreover, the Marshal's Verified Return Writ of Execution ("Verified Writ"), which is signed by the U.S. Marshal, certifies that the sale was conducted in accordance with the Judgment. (Dkt. No. 56-2). However, the sale, was not in compliance with the Judgment because only one Plot was sold. The Court routinely relies on the Verified Writ in issuing Orders Confirming the Marshal's Sales. Such reliance underscores the significance of the procedural irregularities that took place in this case.

In order to correct Plaintiff's and the USMS' errors described herein, the Court will grant Plaintiff's Motion to Vacate the May 2, 2024 Marshal's Sale and to Withdraw the Motion for Order Confirming Sale. The Court will also order a Marshal's Sale of Plot Nos. 54 and 55 in accordance with the Court's March 30, 2017 Judgment.

To satisfy its Judgment against the Powers, while at the same time protecting the interests of the absent parties, the Court will not allow Plaintiff or USMS to profit from their unauthorized actions. In this regard, Plaintiff and USMS may not seek or recover from the Powers any attorneys' fees, costs, and expenses associated in any way with the flawed May 2, 2024 Marshal's Sale, including but not limited to those associated with newspaper notices of the Sale. Nor may Plaintiff and USMS seek or recover from the Powers any attorneys' fees, costs, and expenses associated in any way with submissions to the Court or any Court proceedings associated with Plaintiff and the USMS' unauthorized actions, including but not limited to Writs of Execution, briefing on the

7

Motion to Vacate the Marshal's Sale and to Withdraw the Motion for an Order Confirming Sale (Dkt. No. 50), and the December 5, 2024 Hearing.

### III. CONCLUSION

In view of the foregoing, the Court will grant Plaintiff's "Motion to Vacate Marshal's Sale and Withdraw Motion for Order Confirming Sale." (Dkt. No. 50). The Court will also order a future Marshal's Sale of Plot Nos. 54 and 55 of Estate Hermon Hill in accordance with the Court's March 30, 2017 Judgment. Finally, the Court will preclude Plaintiff and the United States Marshals Service from seeking or recovering from Defendant Michael Christopher Powers or Defendant Christie Powers any attorneys' fees, costs, and expenses flowing from the unauthorized actions described above.

An appropriate Order in the form of an Amended Judgment accompanies this Memorandum Opinion.

Date: February 11, 2026

_____/s/_____
WILMA A. LEWIS
Senior District Judge